**14CV0210**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JACQUELINE MIRANDA,

　　　　　　　　　　Plaintiff

　　　　　-Against-

CITY OF NEW YORK, et al.

　　　　　　　　　　Defendant(s)

---

TO THE UNITED STATES DISTRICT COURT:

**COMPLAINT**

**JURY TRIAL DEMANDED**



## INTRODUCTION

1. This is an action for damaged and several violation of her constitutional rights sustained by a resident of the City of New York against Police Officers, who unlawfully arrested her, against correctional officer, who neglected and fail to property follow court order to release Plaintiff and against the City of New York as the employer of the Police and Correctional personnel, which is sued as a person under 42 USC § 1983, alone with pendant claims under New York Common Law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. § 1983 for violations of but not limited to the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Plaintiff's claim arose in the County and State of New York, within the confines of this judicial district.

4. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

5.  Consistent with the requirements of New York General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim with the New York City Comptroller on or about December 3, 2013, within 90 days of the events described below. Thus, this Court has supplemental jurisdiction over Plaintiff's claims under New York common law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

6.  Plaintiff's claims have not been adjusted by the New York City Comptroller's Office.

## PARTIES

7.  Plaintiff, Jacqueline Miranda, is a resident in New York, and currently resides at 4 E 28th St, room 503 New York, NY 10016 and at all times relevant during the events she was living at 1625 Fulton Ave, Apt 2L, Bronx, NY 10458

8.  At all times relevant hereto, defendant "John Doe 1" is a Police Officer employed by the New York City Police Department to perform duties in The New York City area and was assigned to the precinct, who's first and last name is currently unknown to plaintiff and he is sued in his individual and official capacity.

9.  At all times relevant hereto, defendant "John Doe 2" is a Police Officer employed by the New York City Police Department to perform duties in The New York City area and was assigned to the precinct, who's first and last name is currently unknown to plaintiff and he is sued in his individual and official capacity.

10. At all times relevant hereto, defendant SGT "John Doe" is a Police Officer employed by the New York City Police Department to perform duties in The New York City area and was assigned to the   precinct. As such he was the supervisory

officer of defendant John Doe 1 and John Doe 2 and was responsible for there supervision, and conduct, he also was responsible by law for enforcing the regulation of the New York City Police Department and for insuring that Police personnel obey the Laws of the state of New York and the United states. At all times relevant, he was acting in such capacity as the agent, servant, and employee of the defendant the city of new York, he is sued individually and in his official capacity.

11. At all times relevant hereto, defendant "John Doe 4" is a Correctional Officer employed by the New York City Department of corrections to perform duties in Rikers Island, who's first and last name is currently unknown to plaintiff and he is sued in his individual and official capacity.

12. At all times relevant hereto, defendant "John Doe 5" is a Correctional Officer employed by the New York City Department of corrections to perform duties in Rikers Island, who's first and last name is currently unknown to plaintiff and he is sued in his individual and official capacity.

13. The Defendant, The City of New York is a Municipal Corporation within the State of New York and at all times relevant it employed defendant John doe 1, doe 2, SGT doe, doe 4 and Doe 5

## COLOR OF LAW

14. At all times relevant hereto and in all their actions described herein, defendants where acting under Color of Law and pursuant to their authority as Police and Correctional Personnel.

3

# FACTS

15. On or about at 5:30PM on August 25, 2012, Plaintiff was at 42nd St. between 7th and 8th ave with her husband Jose R Miranda Ramos and her 5 year old child.

16. Meanwhile the plaintiff and her husband was looking at some items that was for sale outside the museum of Wax, Plaintiff child walked away without plaintiff notice it. After approximately 7 minutes Defendants John Doe 1 and John Doe 2 found the child and returned back to Plaintiff.

17. When the child was returned to the plaintiff, Plaintiff and the husband where walking and when Plaintiff tried to hold her husband hand because it was crowded and Plaintiff unintentionally scratched her husband arm.

18. Defendant Doe1 and doe 2 stopped the Plaintiff and her husband. Defendants Doe 1 and Doe 2 asked Plaintiff's husband if everything was ok. Her husband informs Defendant Doe 1 and Doe 2 that everything was fine. When Plaintiff and her husband tried to leave Defendant doe 1 and doe 2 prevented them from leaving and Plaintiff walked away with her child.

19. Defendant Doe 1 and Doe 2 ask the Plaintiff Husband if he wanted to press charges against the plaintiff, Defendant Doe 1 stated to the Plaintiff Husband that if he pressed charges against the plaintiff that it didn't matter that later during the proceedings at court that he could drop the charges. At all times during those questions, the Plaintiff's Husband stated to Defendants Doe 1 and Doe 2 that he was not interested in pressing charges against plaintiff and when plaintiff husband tried to leave, Defendant Doe 1stated to him that they was not going to let him go until he call the plaintiff and tell her to come back to ask her some questions.

Defendants Doe 1 also order the plaintiff husband to inform Plaintiff that if she did not come to question her that Defendant Doe 1 and doe 2 look for the plaintiff and was going to arrest her.

20. After Plaintiff arrived with her son, Defendant doe 1 didn't let her go and Defendant doe 2 called Defendant SGT Doe. After SGT doe arrived at the scene, Defendant Doe 1 asked for authorization to arrest the Plaintiff and Defendant SGT Doe authorized the arrest.

21. On approximately 5:50 p.m., Defendants Doe 1 and Doe 2 falsely arrested Plaintiff. Defendant Doe 1 searched Plaintiff in front of an overcrowded street with more than 10 Police officers around the area.

22. The Plaintiff informed Defendant Doe 1 and Plaintiff Husband informed Defendant Doe 2 that Plaintiff Suffered from Asthma and that her pump was in her pocket.

23. While the Plaintiff was at the precinct, Police Officers were smoking close to the plaintiff detainment cell. Plaintiff informed officers of her asthma and they ignored her and consequently Plaintiff suffered an Asthma Attack and EMS was called and the Plaintiff received treatment.

24. Plaintiff was fingerprinted, Photographed and searched. A few hours later, the Plaintiff was transported to Central Booking at the New York County Criminal Court.

25. At central booking, the plaintiff was once again searched, fingerprinted and photographed and thereafter placed in another holding cell for several hours. By this time, it was already the next day on August 26, 2013.

26. Sometime that morning, the Plaintiff was assigned a Legal Counsel and informed her that she was being charged with Assault in the 3rd degree, and related charges.

27. Plaintiff was at Criminal Court where he was arraigned on Assault in the third degree and related charges under docket number 2013NY066443. Plaintiff was put on a $100 bail and was denied release.

28. Because of Defendants John Doe 1, doe 2, SGT Doe falsely arresting Plaintiff, consequently an Immigration warrant was issued against the Plaintiff.

29. The Plaintiff was incarcerated at the Rose M. Singer Center at Rikers Island.

30. On or about August 30, 2013 at approximately 10:30AM, Plaintiff was ordered release on own recognizance because of a Legislation amended that permitted Plaintiff release from custody with an immigration warrant on file.

31. New York City Department of Correction (NYCDOC) personnel where informed about this order, The Plaintiff's Attorney Mark Son from Legal Aid society also informed NYCDOC of such order but was ignored by Correctional staff and consequently Plaintiff was transferred back to Rikers Island.

32. Proper notice of the order for release the Plaintiff was electronically and on paper notified to Correctional Personnel including Defendant Doe 4 and Doe 5.

33. Upon numerous time Plaintiff's Attorney called the Rikers Island during the weekend of August 30, 2013 to September 1, 2013 to inform about the order to release the defended issued by the court on August 30, 2013. Defendant Doe 4 and Defendant Doe 5 processed numerous detainees that had release orders and upon information and belief they ignored and failed to process Plaintiff papers to release the plaintiff from custody.

34. The Plaintiff was incarcerated until September 2, 2013, 4 days later after the Order for her release was issued.

35. The Plaintiff was incarcerated a total of 8 days from August 26, 2013 to September 2, 2013.

36. The Plaintiff continued to be falsely prosecuted in this matter until the case was dismissed on December 2, 2013, in favor of Plaintiff.

37. As a result of the misconduct hereinbefore described, Plaintiff Jacqueline Miranda, experienced Humiliation, emotional distress, Pain and suffering, and otherwise damaged.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS  UNDER THE UNITED STATES**
**CONSTITUTION THROUGH 42 U.S.C. § 1983**

38. The allegations set forth in all preceding paragraphs as if fully set forth herein.

39. The defendants including Defendant City of New York, sued as a Person, under color of state law, subjected Plaintiff to the foregoing acts and omissions and thereby deprived the Plaintiff of the rights, privileges and immunities secured by the First, Fourth, fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

   a.  Freedom from unreasonable searches and seizures of his person and property, against Defendants Doe 1, Doe 2 and SGT Doe;

   b.  Freedom from false arrest and false imprisonment, against Defendants Doe 1 doe 2, SGT doe;

   c.  Freedom from having police officers fail to intervene to prevent constitutional violations where they reasonably could have done so, against Defendant SGT Doe

   d.  Freedom from violation of due Process, against Defendant Correctional officer Doe 3 and Doe 4.

40. The defendants deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

**SECOND CLAIM**
**FALSE ARREST AND FALSE IMPRISONMENT UNDER THE LAWS OF THE STATE OF NEW YORK**

**41.** The Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By the actions described above, Defendant doe 1 and doe 2 falsely arrested the Plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of Defendants doe 1, doe 2 were the direct and proximate cause of injury and damage to Plaintiff and violated her rights as guaranteed by the laws of the State of New York.

43. The conduct of Defendant Doe 1 and Doe 2 as alleged herein occurred while he was on duty and in uniform, and/or in and during the course and scope of his duties and functions as NYPD officer and/or while he was acting as agent and employee of THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, THE CITY OF NEW YORK is liable to Plaintiff pursuant to New York's common law doctrine of respondeat superior.

44. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered injury, pain and suffering, emotional injury, and was otherwise damaged and injured.

**FOURTH CLAIM**
**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK**

45. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46. As demonstrated by, inter alia, the defendants' conduct on August 25, 2013, THE CITY OF NEW YORK negligently hired, screened, retained, supervised, and trained the defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the laws and Constitution of the State of New York.

47. As a result of the foregoing, The Plaintiff was deprived of his liberty, suffered injury, pain and suffering, emotional injury, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff prays that this Court:

A. Award to plaintiff compensatory damages in an amount to be determined at trial, but not less than to amount of $1,000,000 jointly and severally against defendants for the matter alleged in this complaint;

B. Award to plaintiff punitive damages in an amount to be determined at trial against all defendants except Defendant City of New York;

C. Award to Plaintiff reasonable costs and attorney fees;

D. Grant such other and further relief as this Court deem just and proper.

**"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS**

**TRUE AND CORRECT"**

Signed this ___9___ day of January, 2014

Ms. Jacqueline Miranda
4 E 28th St, room 503
New York, NY 10016
prdhaceo@gmail.com